■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY WILLIAMS, Appellant.—Judgment, Supreme Court, New York County, rendered January 10, 1978, after denial of a motion to suppress a statement, and after a jury trial convicting the defendant of the crime of attempt to commit the crime of robbery in the second degree, and sentencing him to an indeterminate term of imprisonment of two to four years, is affirmed. The suppression hearing presented a simple issue of credibility which the hearing Judge, who saw and heard the witnesses, resolved in favor of the People. We do not think we are warranted in interfering with his determination on the basis of the cold record. The complainant had just been the victim of a violent mugging at 4:00 A.M., had been drinking and was "high," and by his own testimony was busy brushing off his clothes and did not pay attention to anyone in the patrol car. In these circumstances, the fact that the complainant did not, two years after the event, remember a conversation between defendant and the police officer hardly makes the court's finding against the weight of the evidence. Indeed, it appears to us that the thrust of the attack on the suppression ruling is that defendant did not make a

statement. But that is not the relevant issue on a *Huntley* suppression hearing. On such a hearing "any finding as to whether the defendant actually made the statements [is] merely gratuitous and of no legal effect." *(People v Washington,* 68 AD2d 90, 96, appeal to Court of Appeals pending.) That issue is solely one for the jury. *(People v Washington, supra,* p 98; cf. *Manson v Brathwaite,* 432 US 98, 116.) The relevant issue on a *Huntley* suppression hearing is whether if the statement was made, it was made either involuntarily or without appropriate *Miranda* procedures. There is no evidence that if the statement was made, it was involuntary or without appropriate *Miranda* warnings. Appellant's other claims of error do not warrant reversal. Concur—Birns, J. P., Fein and Silverman, JJ.

Lane, J., and Markewich, J. dissent in a memorandum by Lane, J. as follows: The defendant Larry Williams, together with another, was allegedly in the process of robbing the complaining witness James Sampson in the early morning hours of November 28, 1975. Williams was apprehended at the scene of the crime by two uniformed police officers, Patrolmen Anton and Lowe, who were on radio motor patrol at the time. The defendant allegedly made an admission to Officer Anton while in the police car on the way to the station house. The defendant's accomplice was never apprehended. At the hearing on the motion to suppress, held some two years after the arrest, Officer Anton testified that after the arrest the complainant, the defendant, and the two officers drove to the station house. The testimony at the hearing further revealed that Officer Anton was seated in the front passenger seat, and his partner, Officer Lowe, was driving. The defendant was seated in the left rear seat, and the complainant was seated to his right. Officer Anton testified that he turned towards the rear seat and gave the *Miranda* warnings to the defendant. After each warning, the defendant allegedly responded that he understood. The defendant was then asked who his friend was, and he responded by stating that "the guy [who was not apprehended] wanted to rip off the complainant, wanted him to help him rip off the complainant." The testimony of Officer Anton was contradicted by the complainant Sampson who was in the car all this time, seated adjacent to the defendant and behind Officer Anton. Sampson recalled no colloquy at all between Anton and Williams all during the ride to the precinct. Curiously, no notation was made in Officer Anton's memo book about the admission of Williams, nor was it recorded in Anton's official report form. Nonetheless, two years and some 50 arrests later, the officer still remembered the statement given to him by this defendant. The driver of the patrol car, Officer Lowe, had since retired from the force, and the only effort of the people to bring him to court was to send a subpoena "through police channels." The results of the sending of the subpoena were not stated for the record, nor was there any showing of an attempt to obtain his last known address. The failure of the People to call Officer Lowe or adequately to explain his absence gives rise to the inference that, had he appeared, his testimony would have been unfavorable to the People's case. A review of the testimony elicited at the hearing on the motion to suppress the defendant's statement leads to the conclusion that the result reached by the hearing court was against the weight of the credible evidence (CPL 470.15, subd 5). Accordingly, the judgment of the Supreme Court, New York County, rendered January 10, 1978, after denial of a hearing on a motion to suppress a statement, and after a jury trial convicting the defendant of the crime of attempt to commit the crime of robbery in the second degree, should be reversed, on the law and the facts, the motion to suppress granted, and the matter remanded to the Trial Term for further proceedings.